141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Tommie G. CLARK, indicted as Tommy Clark, Defendant-Appellant.
 No. 97-10301.
D.C. No. CR 96-00460-EHC.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 9, 1998**.
Decided Mar. 11, 1998.
 
 1
 Appeal from the United States District Court for the District of Arizona Earl H. Carroll, District Judge, Presiding.
 
 
 2
 Before KOZINSKI and LEAVY, Circuit Judges, and WEINER,*** District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 Tommie G. Clark ("Clark") robbed an Indian victim at a convenience store and was indicted for violation of 18 U.S.C. §§ 1152 and 2111. Clark entered a guilty plea reserving a challenge to the court's jurisdiction. We affirm.
 
 
 5
 Clark argues that the convenience store where the robbery took place was located on lands which are not on the reservation. We reject this argument.
 
 
 6
 The original Gila Indian Reservation was created by an 1859 Act of Congress which directed that "the said Reservations shall not exceed one hundred square miles in extent." 11 Stat. 388, 401 (1859). The reservation size increased over the years through the addition of lands by a series of executive orders in 1876, 1879, 1882, 1883, and 1915. Clark argues that the wording of the original act had the effect of voiding the executive orders adding lands to the reservation which exceeded one hundred square miles.
 
 
 7
 The Supreme Court has held that reservation lands created by executive order were "Indian country" for purposes of federal criminal jurisdiction pursuant to 18 U.S.C. §§ 1151 and 1152. Seymour v. Superintendent, 368 U.S. 351, 353-54, 82 S.Ct. 424, 7 L.Ed.2d 346 (1962). In Seymour, the reservation was originally created by executive order, but its land area was diminished by half pursuant to an act of Congress. A burglary was committed on the remaining reservation lands. The Court held that there was federal criminal jurisdiction within the meaning of 18 U.S.C. §§ 1151 and 1152 because the remaining executive order reservation lands had not been taken away by a subsequent act of Congress. Id. at 359.
 
 
 8
 In this case, as in Seymour, the offense was committed on reservation lands created by executive order. Clark relies solely upon the wording of the original act creating the reservation to argue that the subsequent lands added by executive order are not valid reservation lands. However, both Congress and the Supreme Court have recognized the validity of the power of the president to withdraw lands from the public domain and create reservation lands by executive order. See Sioux Tribe of Indians v. United States, 316 U.S. 317, 324-25, 62 S.Ct. 1095, 86 L.Ed. 1501 (1942); In re Wilson, 140 U.S. 575, 577, 11 S.Ct. 870, 35 L.Ed. 513 (1891). The Supreme Court has required that if reservation boundaries are to be diminished, Congressional intent must be clear and plain. See South Dakota v. Yankton Sioux Tribe, __U.S.__,__, --- U.S. ----, ----, 118 S.Ct. 789, 798, 139 L.Ed.2d 773, ---- (1998); Solem v. Bartlett, 465 U.S. 463, 470, 104 S.Ct. 1161, 79 L.Ed.2d 443 (1984). Clark identifies no act of Congress diminishing lands of the Gila Indian Reservation which were validly added by executive order.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 * The Honorable Charles R. Weiner, United States Senior District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3